UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LILLIAN L. BAKER,

 Plaintiff,

v.

CREDIT COUNSEL, INC.,

 Defendant.

             /

Case No. 2:21-cv-00606

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes LILLIAN L. BAKER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CREDIT COUNSEL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statute §559.55 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

1

**PARTIES**

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age residing in Naples, Florida, which lies within the Middle District of Florida.

5. Defendant is a third party debt collector that "is a professional Debt Recovery organization based in South Florida."[1] Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business located at 8362 Pines Boulevard, Suite 316, Pembroke Pines, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon a personal debt ("subject debt") said to be owed by Plaintiff.

9. Upon information and belief, the subject debt stems from a purportedly defaulted medical bill said to be owed by Plaintiff.

10. Upon further information and belief, after Plaintiff's purported default, the subject debt was charged off by the original creditor and turned over to Defendant for collection purposes.

11. On or around July 30, 2021, Plaintiff was notified that Defendant had reported the subject debt on Plaintiff's credit report.

12. Plaintiff was extremely confused as to the reporting of the subject debt, as she had never received any previous bills regarding the subject debt nor did she recognize the subject debt.

---

[1] https://www.creditcounselinc.com/

13. Upon noticing Defendant's reporting of the subject debt, Plaintiff contacted Defendant regarding their reporting on or about July 31, 2021.

14. This was the first conversation and/or communication Plaintiff had with Defendant regarding the subject debt.

15. Upon calling Defendant, Plaintiff spoke with a representative named Jeffrey Allen ("Mr. Allen").

16. Upon speaking with Plaintiff, Mr. Allen displayed a sarcastic attitude, particularly in response to Plaintiff's claim that she had never previously heard anything about this bill.

17. Mr. Allen falsely and deceptively informed Plaintiff that she had been contacted at least 40 times by phone and that Defendant had sent at least 3 written communications to Plaintiff.

18. However, despite Defendant having Plaintiff's correct address and contact information, Plaintiff never received any of the referenced calls or written communications.

19. Plaintiff informed Mr. Allen that she did not receive any of the calls or written communications, at which point Mr. Allen's tone shifted from sarcastic to accosting.

20. At one point during the conversation between Mr. Allen and Plaintiff, Mr. Allen told Plaintiff "to refer to him as sir" when she was speaking to him.

21. Mr. Allen persisted in berating Plaintiff for failing to honor her financial obligations and acted aggressive and rudely towards Plaintiff.

22. Plaintiff was merely attempting to gather more information about the subject debt, given her lack of familiarity with the debt, yet Defendant's hostile and aggressive conduct stymied Plaintiff's pursuit of this vital information – as Plaintiff wanted to address the subject debt if it was in fact due and owing.

23. After being harassed by Mr. Allen, Plaintiff began looking for further information regarding the subject debt.

24. At this point, Plaintiff again contacted Defendant, and again spoke with Mr. Allen.

25. Plaintiff was attempting to explain to Defendant that she was willing to pay the subject debt, but wanted some sort of proof that the subject debt was due and owing.

26. Rather than listen to Plaintiff, Mr. Allen continually interrupted Plaintiff and again treated her in an aggressive, berating, and hostile manner.

27. Eventually, Plaintiff was able to convey to Mr. Allen that she would pay the subject debt if the debt would be removed from her credit report, but wanted proof of the subject debt first.

28. Plaintiff asked if Mr. Allen would provide her a copy of the bill.

29. After putting Plaintiff on hold for a couple minutes, Mr. Allen returned and told Plaintiff that Defendant did not have a copy of the bill or any other proof regarding the subject debt on file.

30. Plaintiff became confused and distressed as to how Defendant could possibly report the subject debt on her credit despite purportedly having no information underscoring the validity of the subject debt.

31. Plaintiff further requested more specific information about the phone calls Defendant allegedly placed to Plaintiff, but Mr. Allen would not provide it.

32. Plaintiff requested copies of the letters which were previously sent, which Mr. Allen once again refused to provide.

33. Mr. Allen went on to demand an amount on the subject debt greater than the amount previously represented, at which point Plaintiff requested a breakdown of the subject debt– yet Mr. Allen once again refused to provide.

34. Frustrated and distressed that Defendant was refusing to provide basic information to which Plaintiff was entitled, Plaintiff got off the phone with Defendant and began weighing her options as to how to respond to Defendant's collection efforts.

35. Despite having no information demonstrating that the subject debt was valid or otherwise due and owing by Plaintiff, and despite the harassment she suffered at the hands of Mr. Allen, Plaintiff did not want the derogatory information remaining on her credit report, nor did she want to be subjected to further harassment, and so called Defendant back to make payment.

36. Plaintiff once again spoke with Mr. Allen.

37. Plaintiff informed Mr. Allen that she would pay the amount demanded but only if the subject debt was removed from her credit report.

38. Mr. Allen advised that, given the "circumstances," they would agree to remove the subject debt from Plaintiff's credit report in the event she made payment.

39. Plaintiff subsequently made payment on the subject debt to Defendant.

40. Thereafter, upset by the conduct she experienced at the hands of Mr. Allen, Plaintiff filed complaints with the BBB, as well as with Defendant directly, regarding the behavior of Mr. Allen.

41. Thereafter, on or about August 4, 2021, Plaintiff contacted Defendant to check on the status of the subject debt and its removal from her credit report, at which point she once again spoke with Mr. Allen.

42. Mr. Allen once again began berating Plaintiff, going on to call Plaintiff a "liar" and a "mental person," further demanding that Plaintiff no longer contact Defendant.

43. Plaintiff became further distressed and concerned regarding Mr. Allen's conduct, as she was concerned that, given Mr. Allen's anger and refusal to speak with her, that Mr. Allen and

Defendant would not follow through on their promise to delete the subject debt from Plaintiff's credit report.

44. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in the expenditure of time and accrual of resources.

45. Plaintiff has been unnecessarily harassed and abused as a result of Defendant's conduct.

46. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to emotional distress, aggravation, being deprived vital and basic information regarding the debt serving as the basis of Defendant's collection efforts, making payments on a debt without being provided necessary and statutorily required information, risk of harm that payment was made on an invalid debt, and numerous violations of Plaintiff's state and federally protected interests to be free from harassing debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

49. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to others. Defendant is similarly a business whose principal purpose is the collection of debts.

50. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692d**

51. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." § 1692d(2) further prohibits "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

52. Defendant violated §§ 1692d and d(2) through the harassing and abusive conduct engaged in by Mr. Allen during his conversations with Plaintiff. Throughout the parties' interactions, Mr. Allen treated Plaintiff with hostility, rudeness, and persistently berated Plaintiff for owing the subject debt – all while Plaintiff was simply trying to gather information regarding her purported liability on the subject debt so as to allow her to determine whether paying was the proper course of action. Further, Mr. Allen harassingly called Plaintiff a liar and mental person. Mr. Allen's conduct and language used was designed for the specific purpose of harassing and abusing Plaintiff in connection with Defendant's collection efforts, which is the precise sort of harm and conduct sought to be redressed through the FDCPA.

    **b. Violations of FDCPA § 1692e**

53. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

54. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

55. Defendant violated §§ 1692e, e(2)(A), and e(10) through its false representations that it had contacted Plaintiff repeatedly via phone calls and written communications prior to the phone call on or about July 31, 2021. Defendant engaged in this deceptive and misleading conduct in

7

order to trick Plaintiff into believing that she had been ignoring Defendant's contacts, and thus needed to make payment promptly.

56. Defendant further violated §§ 1692e, e(2)(A), and e(10) when it deceptively refused to provide information to Plaintiff regarding the subject debt. Plaintiff requested copies of the bills and proof of the subject debt from Defendant; however, Defendant advised it did not have such documents. Such conduct was inherently deceptive and misleading, as Defendant would have to such information in order to validly report the subject debt or otherwise engage in legitimate efforts to collect the subject debt. Defendant's conduct is further deceptive and misleading since the parties' initial conversation occurred on July 31, 2021, which set in motion Plaintiff's 30-day timeline to submit disputes and request validation regarding the subject debt from Defendant. Defendant's deceptive suggestion that it did not have such validation documents thus deceptively represented to Plaintiff her rights to obtain the documents requested as well as Defendant's obligation to provide such documentation.

57. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its attempts to collect purported fees in addition to principal associated with the subject debt. Defendant attempted to collect such additional amounts, yet refused to explain to Plaintiff the amount or nature of such additional charges. Failing to clarify the charges additional to any principal/interest was deceptive and misleading, as it failed to paint an accurate and complete picture of the nature of the subject debt.

    c. **Violation of FDCPA § 1692f**

58. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

59. Defendant violated § 1692f through its unfair and unconscionable harassment of Plaintiff, including calling her a liar and mental person.

60. Defendant violated § 1692f through its unfair refusal to provide Plaintiff with any information regarding the subject debt despite its statutory obligation to do so.

61. Defendant violated § 1692f when it unfairly suggested that it had been attempting to contact Plaintiff, when in fact that was not the case, and further failing to provide further information to Plaintiff supporting its contentions.

62. Defendant further violated § 1692f when it unfairly refused to explain to Plaintiff the nature of additional charges Defendant was seeking in connection with the subject debt.

    **d. Violations of FDCPA § 1692g**

63. The FDCPA, pursuant to 15 U.S.C. §§ 1692g(a)(1)-(5), requires debt collectors to provide to consumers certain pieces of information either in their initial written communication with a consumer or within 5 days after first communicating with a consumer.

64. Furthermore, pursuant to 15 U.S.C. §1692g(b), any collection activity that occurs during a consumer's 30-day validation period "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

65. Defendant violated § 1692g(a) through its failure to provide Plaintiff the required disclosures within 5 days of its initial communication with Plaintiff. Plaintiff's initial conversation with Defendant was on July 31, 2021. However, Defendant failed to provide, and explicitly refused to provide, Plaintiff with the statutorily required information. Defendant's conduct in this regard deprived Plaintiff of vital and necessary information which would have allowed her to properly respond to Defendant's collection efforts, and further harmed Plaintiff as she made payment on a

debt despite not being apprised of the nature and extent of the rights and information available to her.

66. Defendant further violated § 1692g(b) through its overshadowing of Plaintiff's dispute and validation rights and for acting inconsistently with Plaintiff's validation rights. During Plaintiff's 30-day validation period, Defendant blatantly refused to provide Plaintiff with any sort of validation regarding the subject debt, going so far as to explicitly inform Plaintiff it did not have this information. Such refusal and representations were inherently inconsistent with Plaintiff's rights to dispute the debt and seek validation of the same.

WHEREFORE, Plaintiff, LILLIAN L. BAKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

67. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

68. Plaintiff is a "consumer" as defined by Fla. Stat. §559.55(8).

69. Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7).

70. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

　　a. **Violations of FCCPA § 559.72(7)**

71. Pursuant to Fla. Stat. § 559.72(7), a debt collector may not "willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Further, a pursuant to Fla. Stat. § 559.72(8), a debt collector may not "use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor . . . ."

72. Defendant violated §§ 559.72(7) and (8) of the FCCPA through its harassment of Plaintiff and its use of willfully abusive language towards Plaintiff. Defendant's representative repeatedly berated Plaintiff and treated her with hostility and rudeness. Defendant's representative similarly called Plaintiff a liar and mental. Such willful conduct harassed and abused Plaintiff in violation of the FCCPA.

WHEREFORE, Plaintiff, LILLIAN L. BAKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Fla. Stat. §559.77(2);

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

f. Award any other relief this Honorable Court deems equitable and just.

Dated: August 13, 2021                    Respectfully Submitted,

                                          /s/Alejandro E. Figueroa

                                                Alejandro E. Figueroa, Esq.
                                                Florida Bar No. 1021163
                                                *Counsel for Plaintiff*
                                                Sulaiman Law Group, Ltd
                                                2500 S Highland Ave, Suite 200
                                                Lombard, IL 60148
                                                Telephone: (630) 575-8181
                                                alejandrof@sulaimanlaw.com